| | |
|---|---|
| Brian A. Sun (State Bar No. 089410)<br>basun@jonesday.com<br>Katherine E. Hertel (State Bar No. 208939)<br>kehertel@jonesday.com<br>Jason C. Wright (State Bar No. 261471)<br>jcwright@jonesday.com<br>JONES DAY<br>555 South Flower Street, 50th Floor<br>Los Angeles, CA   90071-2300<br>Telephone:   (213) 489-3939<br>Facsimile:   (213) 243-2539<br><br>Attorneys for Defendants<br>GREENBERG GLUSKER FIELDS<br>CLAMAN & MACHTINGER LLP and<br>BERTRAM FIELDS<br><br>Stephen M. Kristovich (State Bar No. 82164)<br>steve.kristovich@mto.com<br>Carl H. Moor (State Bar No. 138985)<br>carl.moor@mto.com<br>Hailyn J. Chen (State Bar No. 237436)<br>hailyn.chen@mto.com<br>W. Tina Charoenpong (State Bar No. 242024)<br>tina.charoenpong@mto.com<br>MUNGER TOLLES & OLSON LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071-1560<br>Telephone:   (213) 683-9100<br>Facsimile:   (213) 687-3702<br><br>Attorneys for Defendants BRAD GREY and<br>SAMAX ENTERPRISES, INC. | Alan Harris (SBN 146079)<br>aharris@harrisandruble.com<br>Matthew E. Kavanaugth<br>   (SBN 239961)<br>mkavanaugh@harrisandruble.com<br>HARRIS & RUBLE<br>6424 Santa Monica Boulevard<br>Los Angeles, CA 90038<br>Tel: 323.962.3777<br>Fax: 323.962.3004<br><br>Attorney for Plaintiff<br>LINDA DURST |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA DURST a.k.a. LINDA DOUCETT,<br><br>            Plaintiff,<br><br>   v.<br><br>BERTRAM FIELDS, an individual; ANTHONY PELLICANO, an individual; BRAD GREY, an individual, JOHN DOE ARENSON, an individual; GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP and DOES 1-100,<br><br>            Defendants. | Case No. CV 09-8117 DSF (AJWx)<br><br>**[DISCOVERY MATTER]**<br><br>**ORDER RE HANDLING CONFIDENTIAL DISCOVERY MATERIAL** |

**WHEREAS**, discovery in this action may have involved and likely will involve requests for proprietary or otherwise confidential information of the parties hereto, including financial and other sensitive information the public disclosure of which could result in competitive or other harm to such parties;

**WHEREAS**, discovery in this action may have involved and likely will involve requests for private or otherwise confidential information of third parties, including, but not limited to, employment and other personal information the public disclosure of which could result in harm to such third parties;

**WHEREAS**, the parties agree that the entry of a protective order with appropriate limitations on the use and disclosure of such confidential information would facilitate discovery in this action while at the same time providing a safeguard against the improper use and disclosure of that information;

**NOW, THEREFORE**, it is hereby **STIPULATED** and **ORDERED** as follows:

**I.    DEFINITIONS**

A.    The term "Discovery Materials" shall mean and include all discovery produced by any party (or any third party who complies with the requirements herein), pursuant to Rule 26 of the Federal Rules of Civil Procedure, or in response to any discovery request or subpoena in this action (the "Durst Case"), and related testimony and all copies of the same, including without limitation testimony at depositions upon oral examination or upon written questions, answers to interrogatories, documents or things produced, information obtained from inspection of premises or things, and answers to requests for admission, as well as all information, documents and things derived from such information, documents and things, including but not limited to copies, summaries, or abstracts.  The term "Discovery Materials" shall also include all documents produced in response to any subpoena or other process in connection with the case entitled *United States of America v. Anthony Pellicano, et al.*, Case No. CR 05-1046(c) ("*USA v. Pellicano*"),

1  and any testimony and documents admitted into evidence in connection with that
2  proceeding, as well as all information, documents and things derived from such
3  documents and testimony, including but not limited to copies, summaries, transcripts
4  or abstracts.

5        B.    The term "Protected Information" shall mean information that is
6  designated as "CONFIDENTIAL" (as defined in Paragraph III).

7        C.    The term "Documents" shall include but not be limited to any "writings
8  and recordings" and "photographs" as defined in Federal Rules of Evidence, Rule
9  1001, pleadings, correspondence, memoranda, customer records, bulletins,
10 blueprints, microfiche, specifications, minutes, telegrams, letters, statements,
11 contracts, invoices, drafts, spreadsheets, books of account, work sheets, notes of
12 conversation, desk diaries, appointment books, calendars, expense accounts, audio
13 or video recordings, photographs, motion pictures, computer discs or tapes, emails,
14 electronically stored information, data compilations, sketches, drawings, maps,
15 laboratory notebooks, notes, reports, instructions, disclosures, models, prototypes
16 and other writings.

17       D.    The term "Trial Counsel" shall mean any attorney or attorneys who
18 represent a party or parties in the Durst Case, and supporting personnel employed by
19 the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and
20 shorthand reporters, or any independent legal translators or shorthand reporters
21 retained by the Trial Counsel in connection with the Durst Case.

22       E.    The term "Independent Expert" for a party shall be defined as any
23 person not directly employed by a party with whom counsel may deem it necessary
24 to consult concerning technical, financial or other aspects of the Durst Case for the
25 preparation of trial thereof.

26       F.    The term "Outside Vendor" shall mean vendors performing photocopy
27 services, graphic support services, imaging services, database coding services or
28 other similar clerical and/or technical functions.

1  G. The term "Designating Party" shall refer to any party to the Durst Case who designates any Discovery Materials (whether or not those Discovery Materials were produced by the Designating Party) as "CONFIDENTIAL", or to any third party who produces Discovery Materials in connection with the Durst Case, who designates any of its Discovery Materials as "CONFIDENTIAL".

## II. DESIGNATING DISCOVERY MATERIALS AS "CONFIDENTIAL"

During the course of the proceeding, any Designating Party may designate Discovery Materials using the term "CONFIDENTIAL."  A Designating Party may designate Discovery Materials as CONFIDENTIAL only if that party in good faith believes that such material contains information protected by the attorney client privilege or is subject to attorney work product protection, is information subject to a prior confidentiality agreement, or is proprietary, trade secret, highly sensitive commercial information and/or private information or constitutes witness statements including, but not limited to, grand jury testimony or interviews with agents of the federal government given in connection with the related criminal proceedings. This does not mean that such documents are properly the subject of discovery, and all parties expressly reserve their rights to object to any discovery requests.

All documents (except for documents already in the public domain) designated as confidential and produced in response to any subpoena or other process in connection with *USA v. Pellicano* and any testimony and documents admitted into evidence in connection with that proceeding, as well as all information, documents and things derived from such documents and testimony, including but not limited to copies, summaries, transcripts or abstracts, shall be deemed designated as "CONFIDENTIAL," subject to the right of any party to seek to have the "CONFIDENTIAL" designation for any such documents removed pursuant to Paragraph XIV of this Protective Order.

### III. MANNER OF DESIGNATING INFORMATION AS "CONFIDENTIAL"

A.  Except as discussed below, Discovery Materials shall be designated CONFIDENTIAL by stamping or labeling them with, or otherwise affixing thereto, the following legend: "CONFIDENTIAL".  Where the designated material or information consists of more than one page, the first page and each page on which CONFIDENTIAL information appears shall be so designated.  Such designation shall be stamped or affixed so as not to obscure or deface the material or any portion of its contents.

Where the Designating Party did not produce the Discovery Materials, the Designating Party shall have 60 days from the date it receives notice that another party or third party has produced Discovery Materials to designate as CONFIDENTIAL information in those Discovery Materials that the Designating Party in good faith believes contains PROTECTED INFORMATION.

B.  All Protected Information not reduced to documentary or tangible form or which cannot be conveniently designated in the matter set forth above shall be designated by the Designating Party by informing the parties to the Durst Case in writing.

C.  Should any party, counsel for any party, or any person or entity not a party to the Durst Case, who obtains access to any material designated as CONFIDENTIAL under this Protective Order, make copies, duplicates, or extracts of or from such Protected Information, or any portion thereof, the designation of "CONFIDENTIAL" shall also be stamped on or affixed to such copies, duplicates or extracts.  All references in this Protective Order shall be deemed to include and apply to such copies, duplicates and/or extracts of all information derived from Protected Information and to Protected Information marked as Exhibits at depositions or otherwise used during the litigation of the Durst Case.  Testimony generated from Protected Information will be identified as such by a statement on

1   the record and stamping as CONFIDENTIAL documents or selected pages of
2   documents containing such testimony.
3       D.   If any portion of a videotaped deposition is designated as
4   "CONFIDENTIAL" pursuant to this Section, the videocassette or other videotape,
5   CD-ROM or DVD container shall be labeled with the legend, "CONFIDENTIAL".
6       E.   In the event the producing party elects to produce Protected
7   Information for inspection, no marking need be made by the producing party in
8   advance of the inspection.   Thereafter, upon selection of specified documents for
9   copying by the inspecting party, the inspecting party shall identify each document
10  selected for copying.   The producing party shall mark the copies of such documents
11  as may contain Protected Information with the appropriate confidentiality marking
12  at the time the copies are produced to the inspecting party.   Alternatively, and only
13  at the discretion of the producing party, the producing party will identify which of
14  the selected documents contain Protected Information and the inspecting party shall
15  mark copies of selected documents with the appropriate confidentiality marking and
16  confirm the marking in writing.   If any Protected Information was produced prior to
17  the effective date of this Protective Order, the inspecting party shall identify which
18  of such documents have been copied, will mark documents with the appropriate
19  confidentiality marking at the direction of the producing party, and will confirm
20  such marking in writing

## IV. INADVERTENT FAILURE TO DESIGNATE DISCOVERY MATERIAL AS CONFIDENTIAL PRIOR TO PRODUCTION

23      If any party, through inadvertence or mistake, fails to designate Discovery
24  Material as CONFIDENTIAL, but thereafter determines that such material should
25  have been so designated, it shall provide written notice, within sixty (60) days after
26  production, of the designation thereof as CONFIDENTIAL and to the extent
27  practicable the material will be treated as Protected Information from the date of
28  receipt of such notice.   If, later than sixty (60) days after production, any Party

discovers that certain materials should have been designated as Protected Information but were not so designated, the Parties shall meet and confer regarding the re-designation of the such material and, if the Parties are unable to reach an agreement, the Designating Party shall have the burden of requesting from the Court an Order designating those materials Protected Information.   Likewise, if a party designates certain material as Protected Information and later determines that such a designation was inappropriate, it shall provide written notice of the removal of the designation along with a duplicate copy of the material without the CONFIDENTIAL label.

## V.     USE OF PROTECTED INFORMATION IN DEPOSITIONS

A.     If any party determines that Protected Information will be disclosed during the course of any deposition, counsel for such party shall be entitled to request, prior to such disclosure, that any persons present at the deposition (who have not already done so) be required to sign an Acknowledgment in the form attached hereto as "Exhibit A."

B.     If any Protected Information is marked as an exhibit to a deposition, and/or its contents are disclosed, wholly or partially, during the course of testimony provided at such deposition, counsel for the Designating Party shall advise the reporter taking and transcribing the testimony at such deposition of the portions of such testimony that refer to Protected Information, and the exhibit itself, as well as the portions of the transcript containing such disclosure, shall be marked as CONFIDENTIAL and shall be deemed Protected Information.   To this end, the reporter shall not furnish copies thereof to anyone other than counsel of record for the Parties herein, and, if so requested by such counsel, the witness and/or the witness' counsel.

C.     The Designating Party shall have the right to exclude from attendance at said deposition, during such time as Protected Information is to be disclosed, every individual except those individuals authorized under this Protective Order to

receive the Protected Information at issue.

## VI. RESTRICTIONS ON DISCLOSURE OF PROTECTED INFORMATION

Protected Information, including copies thereof, and any abstracts, extracts, indices, summaries, charts, notes or other information derived there from, shall be used solely for the purposes of preparation, trial, appeals, or settlement of the Durst Case and shall not be disclosed, provided, shown, made available, discussed or otherwise communicated in any way to anyone other than: a) the Court, court personnel, and any Special Masters, Referees, and/or Mediators appointed by the Court herein; (b) any private mediator retained in the Durst Case; (c) Trial Counsel; (d) stenographic reporters; (e) the named Parties in the Durst Case; (f) any of the current or former officers, directors or employees of the Parties who assists counsel in the Durst Case; (g) Independent Experts; (h) witnesses and potential witnesses at, and in preparation for, deposition, trial or hearing herein and their counsel; (i) Outside Vendors.   Protected Information may not be disclosed to any other person or entity without the prior written consent of the Designating Party or further order of the Court.   Any disclosure should be only to the extent reasonably necessary to effective prosecution and defense of the Parties' claims in the Durst Case, and for no other purpose.

## VII. MAINTENANCE OF PROTECTED INFORMATION

The recipient of any Protected Information shall maintain such information in a secure and safe area and shall use their best efforts with respect to the storage, custody, use or dissemination of such information so as to maintain its confidentiality.

## VIII. CONDITIONS OF DISCLOSURE

A.   Prior to the disclosure of Protected Information to a person qualified to receive it under Section VII, counsel for the party seeking to make the disclosure shall secure from each qualified person other than the Court, Court personnel, Trial

Counsel, an Acknowledgment, in the form attached hereto as "Exhibit A," that: (a) he or she has read this Protective Order; (b) he or she may not, and that he or she undertakes not to, divulge any Protected Information except in the preparation, trial or appeal of the Durst Case, and in accordance with the terms and conditions of the Protective Order; and (c) that he or she will not use the Protected Information for any other purpose.

B.   Protected Information shall be copied only by Trial Counsel or Outside Vendors assisting such counsel, by stenographic reporters or their staff, and by other qualified persons identified in Sections VII, and only for purposes permitted by this Protective Order.

C.   Control and distribution of Protected Information and copies thereof shall be the responsibility of counsel, who shall maintain a list the following permitted individuals to whom Protected Information has been disclosed as well as the written Acknowledgement executed by such persons, as provided above: (a) any of the current or former officers, directors or employees of the Parties who assists counsel in the Durst Case; (b) Independent Experts; (c) witnesses and potential witnesses at, and in preparation for, deposition, trial or hearing herein and their counsel; and (d) Outside Vendors.   For good cause shown in connection with any question of improper disclosure, a Designating Party may request the Court to order a party to disclose *in camera* a list of all persons to whom Protected Information has been disclosed as well as the written assurances executed by such persons.

**IX.   OBLIGATIONS OF PERSONS TO WHOM DISCLOSURE IS MADE**

A.   Persons who obtain knowledge or possession of Protected Information shall not permit its disclosure to any person or persons not qualified pursuant to this Protective Order to receive Protected Information, or to any person or persons qualified, but for whom disclosure is not necessary, or use Protected Information for any purpose except in connection with the Durst Case, absent stipulation by counsel for the parties or by Order of the Court.

1      B.     Any person or party in possession or control of Protected Information
2 who receives a request or subpoena for production or disclosure of Protected
3 Information shall promptly give notice by facsimile or email message to the
4 Designating Party, identifying the Protected Information sought and enclosing a
5 copy of the subpoena or request.   Provided that the Designating Party makes a
6 timely motion or other application for relief from the subpoena or other request in
7 the appropriate forum, the person or party subject to the subpoena or other request
8 shall not produce or disclose the information sought without consent of the
9 Designating Party or until ordered to do so by a court of competent jurisdiction.

**X.    USE OF "PROTECTED INFORMATION" IN FILINGS**

Any Protected Information, or any portion thereof, quoted therein or appended thereto, shall be submitted to the Court conditionally under seal in accordance with Local Rule 79-5 and Section 6 of Judge Fischer's Standing Order. No party will file, quote or append any Protected Information, or portion thereof, without first following the procedures outlined in Section XII.

**XI.   FILING AND LODGING RECORDS CONTAINING PROTECTED INFORMATION UNDER SEAL**

A.     Absent an order of the Court, no documents or materials shall be filed under seal, including, *inter alia*, transcripts of depositions, exhibits, discovery responses, briefs, memoranda, and expert reports, which comprise or contain Protected Information.   *See* Local Rule 79-5 and Section 6 of Judge Fisher's Standing Order.   Rather, a party desiring to file documents or materials containing Protected Information with the Court (the "Lodging Party") shall: (1) where it is not the Designating Party, provide at least 10 days notice to the Designating Party of its intent to lodge documents or materials comprising or containing Protected Information with the Court, to allow the Designating Party to seek an order from the Court by motion filed within 5 days of receipt of notice, that the document or material be filed under seal and, in the event such motion has not been decided prior

to the filing date, file a copy of any document or material containing Protected Information in redacted form and lodge the document or material conditionally under seal in a sealed envelope; or (2) file a copy of any document or material containing Protected Information in redacted form and lodge the document or material conditionally under seal in a sealed envelope along with a written application for an order of the Court allowing the information to be filed under seal.

B.  The Lodging Party, the Designating party, or third party who originally produced the document(s) or material(s) containing or comprising Protected Information, or any other party or third party who desires the Protected Information to remain confidential, may file a written application pursuant to Local Rule 79-5 to have the documents filed under seal.   Such motion shall be supported by an affidavit setting forth why good cause exists for filing the document(s) or material under seal, and otherwise shall comply with all applicable rules of this Court.   The envelope in which documents or materials containing or comprising Protected Information are lodged must be labeled "CONDITIONALLY UNDER SEAL" and a cover sheet affixed thereto must contain all information required on a caption page and a statement substantially in the following form:

> THE RECORD ENCLOSED IN THIS ENVELOPE IS SUBJECT TO A MOTION OR AN APPLICATION TO FILE THE RECORD UNDER SEAL.   THE ENVELOPE IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

The denial of any motion or application to file document(s) or material(s) containing or comprising Protected Information under seal shall be considered a finding that the document or material sought to be filed under seal is not Protected Information or does not contain Protected Information pursuant to the terms of this Protective Order, for purposes of the filing at issue.   In such a case, unless the Lodging Party has specifically requested that the document(s) or material(s) be returned to it and not considered by the Court in the event that any motion to file under seal is not granted, the document(s) or material(s) containing or comprising Protected Information shall

be filed as part of the public case file so that the Court may consider such information.

## XII.  PROCEDURE FOR CHALLENGING DESIGNATION

Acceptance by a party of any Discovery Materials identified as containing or comprising CONFIDENTIAL information pursuant to the procedures contained in this Protective Order shall not constitute a concession that the information, document, testimony, or other material has been appropriately designated as provided for in this Protective Order.   If, subsequent to the acceptance of Discovery Materials designated as CONFIDENTIAL, a party seeks to have the confidentiality designation removed, that party must so request in writing.   If the parties are unable to agree on the requested removal within seven (7) business days after receipt of the written request, the receiving party may move the Court within twenty-one (21) days for such relief; however, until an order is made, the information, document, testimony, or other material so designated CONFIDENTIAL shall be treated in the manner as designated by the providing party.   In the resolution of such motion, the party requesting the maintenance of a CONFIDENTIAL designation shall have the burden to prove the appropriateness of such designation.

## XIII.  NO RESTRICTIONS

A.   Nothing in this Protective Order shall: (a) restrict a party's rights with respect to its/his/her own documents or information; (b) restrict a party's rights with regard to Discovery Materials that have not been designated as CONFIDENTIAL; (c) prejudice a party's rights to object to the production or disclosure of documents or other information that it/he/she considers not subject to discovery; or (d) prejudice a party's right to seek, either by agreement or by application to the Court, greater or lesser protection than that provided here, or modification of the terms of this Protective Order.

B.   Notwithstanding any other provision hereof, nothing in the foregoing shall restrict any party's counsel from rendering advice to its clients with respect to

the Durst Case and, in the course thereof, relying upon Protected Information, provided that in rendering such advice, counsel shall not disclose any other party's Protected Information other than in a manner provided for in this Protective Order.

### XIV. **RETURN OF MATERIALS CONTAINING OR COMPRISING PROTECTED INFORMATION**

After final termination of the Durst Case,[1] counsel for each party may retain one copy of any Protected Materials contained in deposition transcripts or exhibits, Court transcripts or exhibits, and documents and other materials submitted to the Court. Such material shall continue to be treated as designated under this Protective Order. Within sixty (60) days after Final Termination of the Durst Case or the receiving party's involvement therewith, at the request of the Designating Party, counsel for the receiving party either shall: (a) return all additional Protected Information in his/her possession, custody or control or in the custody of any authorized agents, Outside Vendors, Independent Experts, parties, witnesses, or any other persons to whom counsel for the receiving party has provided such Protected Information; or (b) certify the destruction of all copies of the Protected Information, described above in subsection (a), to the Designating Party's counsel. To the extent that any Protected Information is included in computer databases, backup tapes or any other electronic form, the receiving party shall erase all such Protected Information within sixty (60) days after final termination of the Durst Case or the receiving party's involvement therewith. Notwithstanding the forgoing, a party may retain information or documents that may contain PROTECTED INFORMATION if the PROTECTED INFORMATION is contained in attorney work product.

---

[1] "Final Termination" is defined as sixty-five (65) days after the date of mailing of the notice of entry of Judgment in the Durst Case has been completed, if no notice of appeal has been filed and no other review or challenge has been sought (including, but not limited to a motion for reconsideration); or, if an appeal is taken, or any re-argument or other form of review is sought, the date on which the Judgment shall have been affirmed in all respects or modified with no material change in the outcome and the time for any further appeal, re-argument or other form of review shall have expired.

## XV. ADDITIONAL DOCUMENTS

If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information, and such inadvertent or mistaken production shall be subject to Federal Rule of Civil Procedure 26(b)(5).

## XVI. BINDING EFFECT

This Stipulation shall remain in full force and effect at all times during which any party to this Protective Order or any person having executed the Acknowledgment described in Section IX above retains in its/his/her possession, custody or control any Protected Information.

## XVII. ADDITIONAL RIGHTS

This Protective Order is without prejudice to the right of any party to move the Court for an order for good cause shown for protection of materials designated as confidential, which protection is different from or in addition to that provided for herein, and such right is expressly reserved.   Similarly, each party expressly reserves the right at any time to request the Court to authorize disclosure other than contemplated here of confidential materials.

## ORDER

Good cause appearing therefore, IT IS SO ORDERED.

10/1/10

_____
Hon. Andrew J. Wistrich
UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**

CERTIFICATE OF COMPLIANCE:

ACKNOWLEDGMENT OF PROTECTIVE ORDER
AND AGREEMENT TO BE BOUND

I, _____
   [print or type full name]

of _____
   [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Protective Order Re Confidential Discovery Material (the "Protective Order") entered by the United States District Court for the Central District of California on _____, 2010 in the lawsuit entitled *Linda Durst aka Linda Doucett v. Bertram Fields, et al.*, Case No. CV 09-8117 DSF (AJWx).

I agree to comply with and to be bound by all of the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.   I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Order.   I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
              [printed name]

Signature: _____
           [signature]